## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------x
LLONIA GORDON                          :      CASE ACTION NO.
      Plaintiff                        :
                                       :
v.                                     :
                                       :
FAVOR, INC.                            :
      Defendant                        :      October 19, 2011
-------------------------------------------------------------x
```

### COMPLAINT

1. This is an action to redress discrimination, unequal treatment, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. §2000e, *et seq.*(hereafter "Title VII"), as well as the laws of the State of Connecticut enumerated in Connecticut General Statutes §46a-60(a)(1), *et seq.*

### PARTIES AND JURISDICTION

2. The plaintiff, Llonia Gordon (hereinafter referred to as "the Plaintiff"), was at all times relevant to this action, and remains, a resident of the Town of West Hartford, State of Connecticut.

3. The defendant, FAVOR, Inc. (hereinafter referred to as "FAVOR", "the Defendant," or "the Defendant Company"), is a Connecticut corporation with its principal place of business in the town of Rocky Hill, State of Connecticut.

4. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Plaintiff's claims arise under the laws of the United States, namely Title VII.

1

5. The Plaintiff has exhausted her administrative remedies. Plaintiff filed a timely complaint with the Connecticut Commission on Human Rights and Opportunities (CCHRO), as well as the Equal Employment Opportunities Commission (EEOC) on or about January 31, 2011.

6. The Plaintiff received a right to sue from the EEOC on September 20, 2011, and a release of jurisdiction from the CHRO on September 7, 2011, said notices appended to this complaint as "Exhibit A." This action is brought within 90 days of the right to sue notice and release of jurisdiction.

**FACTUAL BACKGROUND**

7. Plaintiff began working for the Defendant on or about February 19, 2008 in the position of "Policy Director," though Plaintiff's title changed to "Director of Program Services and Policy" by March of 2008.

8. Throughout Plaintiff's employment with the Defendant Company, she always performed her duties in a superior manner and consistently worked well with her supervisors and coworkers.

9. Plaintiff's job duties included supervision of Family advocates, Juvenile Justice Liaison, Foster Care Advocates, MSW and BSW Interns.

10. Throughout the course of Plaintiff's employment with the Defendant Company, Plaintiff was subjected to sexual harassment through the comments and conduct of Executive Director, Hal Gibber (hereafter, "Mr. Gibber").

11. Mr. Gibber made inappropriate comments about the Plaintiff's undergarments.

2

12. Mr. Gibber consistently stared at the Plaintiff's breasts, and this conduct was reported by other female staff.

13. Mr. Gibber often discussed his relationship with his wife and personal sex life with Plaintiff and other female staff.

14. Plaintiff responded to Mr. Gibber's statements about his personal sex life by reminding Mr. Gibber that Plaintiff was his employee, and that his statements were inappropriate.

15. Mr. Gibber's conduct continued and intensified despite Plaintiff's direct complaints to him that his conduct was inappropriate.

16. In Plaintiff's supervisory role, she became aware of other employees' frequent complaints of sexual harassment by Mr. Gibber that mirrored treatment she had received.

17. Mr. Gibber often asked for help on the computer without moving so that Plaintiff and other female staff would have to lean over him to assist him.

18. Mr. Gibber consistently made comments about female employee's bodies and clothing.

19. Mr. Gibber often attempted to engage his female staff in conversations about his personal sex life with his wife.

20. In or around August 2009, prior to taking maternity leave, Mr. Gibber made comments regarding Plaintiff's breast size by stating, "Wow, your breasts are getting bigger."

21. In or around September 2009, Cristy Jones, Operations Director and Human Resources Director, Mr. Gibber and Plaintiff met to discuss Mr. Gibber's

3

inappropriate behavior towards Defendant Company's employees, including the Plaintiff.

22. After that meeting, Ms. Jones summarized the issues discussed at that meeting and provided "constructive, supportive and corrective" recommendations to Mr. Gibber by way of a written memorandum dated September 2009.

23. During that meeting, Ms. Jones formally advised Mr. Gibber to stop his inappropriate behavior, including engaging female staff in discussion of the intimate details of his marriage, use of sexual innuendo, describing the kind of body types of the women Mr. Gibber likes, purposefully brushing up against female staff, and other issues which subjected Defendant company to liability for sexual harassment.

24. Ms. Jones ultimately resigned from Defendant Company's employment.

25. Despite receiving notice that his behavior was inappropriate, from September 2009 through October 2010, Mr. Gibber continued to sexually harass the Plaintiff and other female staff.

26. Mr. Gibber continued to engage in inappropriate conduct as described above, including but not limited to the following:

    a. Unwelcome staring at Plaintiff's and other female staff members' breasts;

    b. Attempting to engage Plaintiff and other female staff in discussions about his sex life and relationship with his wife;

    c. Using unwelcome sexual innuendo with Plaintiff and other female staff;

4

d. Making inappropriate comments to Plaintiff and other female staff about which female staff he considered attractive;

e. Making inappropriate comments about the bodies of female staff;

f. Referring to the female staff, including Plaintiff, as Mr. Gibber's "Harem"; and

g. Invading the personal space of Plaintiff and other female staff, including unwanted hugging, unwelcome "brushing" against while attempting to pass by Mr. Gibber, and Mr. Gibber hanging his arm over the chairs of female staff members.

27. On or about September 18, 2010, while at a staff member's wedding, Mr. Gibber observed Plaintiff dancing with her husband and commented to her coworkers at the table, "I guess I should start planning for her next maternity leave."

28. Plaintiff complained of Mr. Gibber's sexual harassment to Linda Menyfield, Defendant Company's new Operations and Human Resources Director.

29. Ms. Menyfield indicated no corrective action would be taken, stating, "What do you expect? This is a fake ass company anyway."

30. In addition to the sexual harassment by Mr. Gibber, during Plaintiff's employment with Defendant Company, she became concerned that Mr. Gibber was misappropriating funds.

31. In February of 2010, Plaintiff voiced her concerns about Mr. Gibber's misappropriation of funds to Mr. Gibber.

32. In October of 2010, the financial concerns resulting from Mr. Gibber's misappropriation of funds had caused Defendant Company to lose its credit line with its bank.

33. Plaintiff had raised these financial concerns with Mr. Gibber previously, but Mr. Gibber never provided a satisfactory response.

34. On or about October 15, 2010, during a regularly scheduled staff meeting, Mr. Gibber announced that Defendant Company had insufficient funds to make payroll that week, and that staff should decide amongst themselves who had greater need for their paychecks on time.

35. The Defendant Company's regularly scheduled staff meeting, the following occurred:

    a. Numerous complaints were made by numerous staff members regarding Mr. Gibber's leadership;

    b. The Plaintiff raised longstanding issues of Mr. Gibber's misappropriation of funds and sexual harassment;

    c. The staff reached a consensus that it had no confidence in Mr. Gibber's leadership;

    d. The staff determined to present Mr. Gibber with a "vote of no confidence."

36. Mr. Gibber returned to the staff meeting, and Patricia Gaylord and Llina Hillario advised Mr. Gibber of the "vote of no confidence" in his leadership.

37. Mr. Gibber pointed his finger at the Plaintiff and stated, "I know you did this," and "It's either you or me, one of us has to go."

6

38. After the staff meeting, Mr. Gibber completely stopped communicating with Plaintiff, and she was left without supervision or support from Mr. Gibber for approximately eight (8) weeks.

39. On December 13, 2010, Plaintiff received an e-mail notification of a meeting to be held on Friday, December 17, 2010 with Mr. Gibber, Linda Menyfield, and Plaintiff.

40. During the December 17, 2010 meeting, Plaintiff was terminated, effective immediately.

41. Plaintiff's opposition to the aforesaid sexual harassment, sexual advances, discrimination, and physical harassments, and hostile work environment by Defendant Company was a motivation for the decision to terminate plaintiff's employment.

42. In addition, Plaintiff was retaliated against for raising concerns of misappropriation of funds.

**COUNT ONE:**      **VIOLATION OF THE TITLE VII AND C.G.S. §46a-60(a)(1) – SEXUAL HARASSMENT**

1-42.    Plaintiff repeats and re-alleges Paragraphs 1 through 42 above as Paragraphs 1 through 42 of Count One as if fully set forth herein.

43. As a result of the aforesaid sexual harassment, sexual advances, discrimination, and physical harassments, Defendant Company caused a hostile work environment in violation of Title VII and C.G.S. §46a-60(a)(1).

44. As a result of the Defendant Company's intentional violation of Title VII and C.G.S. §46a-60(a)(1) in terminating Plaintiff's employment, the Plaintiff has suffered a loss of compensation, including but not limited to, lost wages, health

7

benefits, retirement benefits, pension credits, fringe benefits, lost seniority, and Plaintiff will continue to suffer the loss of the same into the future to her loss and detriment.

45. Additionally, as a direct and proximate result of the Defendant Company's actions, as aforesaid, the Plaintiff has suffered emotional distress.

46. Furthermore, as a result of the Defendant' Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**COUNT TWO:**     **VIOLATION OF THE TITLE VII AND C.G.S. §46a-60(a)(1) – GENDER DISCRIMINATION**

1-42.   Plaintiff repeats and re-alleges Paragraphs 1 through 42 above as Paragraphs 1 through 42 of Count Two as if fully set forth herein.

43. As a result of the Defendant Company's intentional gender discrimination violation of Title VII, the Plaintiff has suffered a loss of compensation, including but not limited to, lost wages, health benefits, retirement benefits, pension credits, fringe benefits, lost seniority, and Plaintiff will continue to suffer the loss of the same into the future to her loss and detriment.

44. As a result of the Defendant's actions, as aforesaid, the Plaintiff has suffered emotional distress.

45. Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**COUNT THREE:**   **VIOLATION OF THE TITLE VII AND C.G.S. §46a-60(a)(4) –
RETALIATION**

1-42.   Plaintiff repeats and re-alleges Paragraphs 1 through 42 above as
Paragraphs 1 through 42 of Count Three as if fully set forth herein.

43. The aforementioned conduct of the Defendant Company, its agents,
servants and/or employees, constitutes retaliation in violation of Title VII and
C.G.S. §46a-60(a)(4).

44. As a result of the Defendant Company's intentional violation of Title VII
and C.G.S. §46a-60(a)(4), the Plaintiff has suffered a loss of compensation,
including but not limited to, lost wages, health benefits, retirement benefits,
pension credits, fringe benefits, lost seniority, and Plaintiff will continue to suffer
the loss of the same into the future to her loss and detriment.

45. Additionally, as a direct and proximate result of the Defendant Company's
actions, as aforesaid, the Plaintiff has suffered emotional distress.

46. Furthermore, as a result of the Defendant' Company's actions, as
aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to
obtain the rights to which the Plaintiff is entitled.

**COUNT FOUR:**   **VIOLATION OF CONN. GEN. STAT. §31-51q –
PROTECTED SPEECH**

1-41.   Plaintiff repeats and re-alleges Paragraphs 1 through 41 above as
Paragraphs 1 through 41 of Count Four as if fully set forth herein.

9

42. The aforementioned conduct of the Defendant Company, its agents, servants and/or employees, constitutes retaliation for exercise of constitutionally protected free speech rights in violation of C.G.S. §31-51q.

43. As a result of the Defendant Company's intentional violation of C.G.S. §31-51q., the Plaintiff has suffered a loss of compensation, including but not limited to, lost wages, health benefits, retirement benefits, pension credits, fringe benefits, lost seniority, and Plaintiff will continue to suffer the loss of the same into the future to her loss and detriment.

44. Additionally, as a direct and proximate result of the Defendant Company's actions, as aforesaid, the Plaintiff has suffered emotional distress.

45. Furthermore, as a result of the Defendant' Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**WHEREFORE,** the Plaintiff demands the following:

1. back pay and value for lost of employment benefits;

2. reinstatement or front pay for the years she would have worked;

3. compensatory damages for emotional distress, pain and suffering;

4. double damages under Title VII;

5. punitive damages;

6. attorney's fees and costs of this action;

7. such other relief as the court deems just and appropriate.

PLAINTIFF
LLONIA GORDON

By

Michael T. Petela, Jr., Esq.
Federal Bar No. ct28251
Cicchiello & Cicchiello, LLP
364 Franklin Avenues
Hartford, Connecticut 06114
T: 860-296-3457
F: 860-296-0676
mpetela@cicchielloesq.com

11

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------------------------------------x
LLONIA GORDON                         :        CASE ACTION NO.
      Plaintiff                       :
                                      :
v.                                    :
                                      :
FAVOR, INC.                           :
      Defendant                       :        October 19, 2011
------------------------------------------------------------x
```

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests trial by jury in the above-captioned matter.

PLAINTIFF
LLONIA GORDON

By _____
Michael T. Petela, Jr., Esq.
Federal Bar No. ct28251
Cicchiello & Cicchiello, LLP
364 Franklin Avenues
Hartford, Connecticut 06114
T: 860-296-3457
F: 860-296-0676
mpetela@cicchielloesq.com

12

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Hartford_____ on __10/18/2011_____.
(location) (date)

**Plaintiff's Original Signature**
(Rev. 9/24/08)

13

EXHIBIT A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Llonia Gordon**<br>**49 Portage Road**<br>**West Hartford, CT 06117** | From: **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2011-00540** | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Robert L. Sanders,**
**Area Office Director**

SEP 2 0 2011

*(Date Mailed)*

Enclosures(s)

cc: **FAVOR, INC.**
**2138 Silas Deane Highway**
**Rocky Hill, CT 06067**

**Eugene N. Axelrod, Esq.**
**8 Lunar Drive**
**Woodbridge, CT 06525**

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Lionia Gordon**
COMPLAINANT

vs.                                        **DATE: September 07, 2011**

**FAVOR , Inc.**
RESPONDENT

CHRO Case No. 1110268
EEOC No. 16A-2011-00540

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION     BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc: Complainant's Attorney  by fax to Eugene N. Axelrod: (203) 839-2656

Respondent's Attorney by email Alison Jacobs Wice and Tokunbo Akinbajo : wicea@jacksonlewis.com : akinbaja@jacksonlewis.com